## Vogler v. Pennsylvania Securities Commission.

*Roland U. Douglass, D. D. Storey* and *Hause, Evans & Baker*, for plaintiff. *Michael E. Stroup*, for defendant.

WICKERSHAM, J., July 7, 1930.—This appeal comes before the court on petition, answer and a certified copy of the record of the defendant commission.

It appears that the plaintiff was a registered salesman of Detweiler & Co., Inc.; that he was notified by the commission that, "under authority of section 17 of the Securities Act, your registration as a salesman for Detweiler & Co. is hereby suspended, and that you are notified to appear before the commission . . . to show cause why your registration should not be permanently revoked." The plaintiff appeared before the commission, testimony was taken, and on April 11, 1930, the plaintiff was notified "that at a meeting of the Pennsylvania Securities Commission held this day, your registration as an agent or salesman for Detweiler & Co., Inc., was revoked because of your violation of the Securities Act." No formal opinion was filed by the commission, nor was the order of revocation accompanied by findings of fact and conclusions of law.

We gather from the answer filed by the commission to the plaintiff's petition for reversal that the registration of the plaintiff was revoked because he sold class B shares of National Water Works Corporation, of which he was the owner, which the commission maintains was in violation of the Securities Act. Upon this contention we express no opinion at this time.

It appears, however, from the record that the commission reached the conclusion that the plaintiff was selling the said stock as a dealer and not as a salesman; while counsel for the plaintiff reaches a very different conclusion. Counsel for plaintiff contends that the commission, in revoking plaintiff's license, has not complied with the Securities Act of [April 13] 1927, P. L. 273, section 18 of which act provides (page 281) that:

"All decisions of the commission shall be in writing, signed by the chairman thereof, and shall fully state the grounds therefor."

Counsel for plaintiff contends, and justly, we think, that the short order of the commission, dated April 11, 1930, *does not "fully state the grounds therefor."*

Section 19 of the said Securities Act, relating to the practice to be followed upon appeal, provides, *inter alia*, as follows:

"Upon service of a summons upon the commission, returnable within ten days from its date, the commission shall, on or before the return day, file an answer, in which it shall allege, by way of defense, the grounds for its decision."

With this requirement the commission has complied. It is further provided in said section:

"It shall also, on or before the return day of such summons, certify to the Court of Common Pleas of Dauphin County the record of the proceedings to which the petition refers. Such record shall include the testimony taken therein, the findings of fact, if any, of the commission, based upon such testimony, a copy of all orders made by the commission in the proceedings, and a copy of the action or decision of the commission which the petition calls upon the court to reverse."

With this provision of the act the commission has not complied; it has not found the fact or facts upon which it bases its conclusion. Under the Act of 1927, the commission is the fact-finding body: Insuranshares Corp. v. Pennsylvania Securities Comm., 32 Dauphin Co. Repr. 318, affirmed by the Supreme Court of Pennsylvania, 298 Pa. 263.

As we have stated above, counsel for the petitioner reaches a different conclusion from the learned Deputy Attorney-General respecting the inferences to be drawn from the facts proven. The commission had the witnesses before it, heard their testimony, observed their manner of testifying, and is the best judge of their credibility. We think, therefore, the commission should find the facts before the court can pass intelligent judgment upon the conclusion reached in the instant case. The burden of finding the facts from the evidence should not be shifted to the Court of Common Pleas of Dauphin County. This court has not heard the evidence, has not seen the witnesses or observed their manner of testifying, and is not, therefore, as competent to pass upon the credibility of the witnesses and the weight of their evidence as is the commission.

For these reasons, the entire proceedings are referred back to the Pennsylvania Securities Commission in order that it may comply with the Securities Act of Pennsylvania *(a)* by finding the facts from the evidence, and *(b)* that it shall fully state the grounds upon which its decision is based.

From Homer L. Kreider, Harrisburg, Pa.